Filed 1/19/21  P. v. Loggins CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KAREN GUADALUPE LOGGINS,<br><br>    Defendant and Appellant. | H047794<br>(Monterey County<br> Super. Ct. No. 18CR005576) |

Defendant Karen Guadalupe Loggins pleaded no contest to possession for sale of heroin (Health & Saf. Cod, § 11351) and misdemeanor possession of a firearm by a prohibited person (Pen. Code, § 29805).  The trial court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions. After subsequently admitting that she violated her probation, the court sentenced defendant to four years in prison, suspended execution of sentence, and reinstated her on probation with modified terms.  After defendant admitted that she violated her probation a second time, the court terminated defendant's probation and sentenced her to jail for the previously suspended term of four years.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts but raises no issue.

We notified defendant of her right to submit written argument on her own behalf within 30 days. That period has elapsed, and we have received no response from defendant.

Pursuant to *Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have reviewed the entire record. Following the California Supreme Court's direction in *Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

## BACKGROUND

### A. *Charges and Pleas*

In May 2018, defendant had 282.56 grams of heroin and $2,472 in cash in her vehicle.[1] At her residence, she had a handgun, a money counter, and two digital scales.

On September 24, 2018, defendant was charged by information with possession for sale of heroin (Health & Saf. Code, § 11351; count 1) and possession of a firearm by a prohibited person (Pen. Code, § 29805; count 2). On November 27, 2018, on motion of the prosecutor, the information was amended to allege count 2 as misdemeanor. Defendant pleaded no contest to both counts on the condition that she receive probation.

On January 24, 2019, the trial court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions, including that she serve one day in county jail, obey all laws, and report any new law violation or arrest to the probation officer within 24 hours.

### B. *First Notice of Probation Violation*

In March 2019, defendant had 14.95 grams of heroin in her bra, and she had $1,569 in cash at her residence.

On March 12, 2019, a notice of probation violation was apparently filed alleging that defendant failed to obey all laws and possessed and trafficked controlled substances. Defendant apparently admitted that she violated her probation.

_____

[1] The facts of defendant's offenses and probation violations are taken from probation reports, which were based on reports by law enforcement.

2

On May 9, 2019, the trial court sentenced defendant to four years, suspended execution of sentence for the remainder of the probationary term, and reinstated her on probation with the terms and conditions modified to include that she serve 270 days in county jail.

## C. *Second Notice of Probation Violation*

On July 16, 2019, about 3:00 a.m., Sonoma County law enforcement observed a female exit a vehicle and approach the front door of a convenience store at a gas station. They heard a crashing sound and the sound of the store alarm. The female ran back to the vehicle. Law enforcement stopped the vehicle, and the occupants were ordered to exit the vehicle. Defendant was one of the passengers.

On August 29, 2019, a notice of violation of probation was filed alleging that defendant violated her probation by (1) failing to obey all laws and (2) failing to report any new law violation or arrest within 24 hours. The notice alleged that defendant had been arrested and charged with Penal Code violations, including attempted burglary (Pen. Code, §§ 664, 459). The notice further alleged that, upon being arrested by Sonoma County law enforcement, she failed to report the arrest and new charges to the probation officer within 24 hours.

On December 19, 2019, defendant admitted the allegation that she violated her probation by failing to report.

On January 14, 2020, the trial court terminated defendant's probation and sentenced her to jail for the previously suspended term of four years. The court granted 340 days of custody credits and ordered defendant to pay a previously stayed probation revocation restitution fine.

## D. *Appeal*

Defendant filed a notice of appeal on January 15, 2020, and an amended notice of appeal on February 13, 2020. We appointed counsel to represent her in this court.

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

DANNER, J.

*People v. Loggins*
**H047794**